<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONE SD HOBOKEN LLC; ONE SD INVESTOR HOLDING LLC; KMS DEVELOPMENT PARTNERS GP, LLC, individually and as General Partner on behalf of KMS DEVELOPMENT PARTNERS, LP,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK JOHN CHANDLER d/b/a MARCUS HAMILTON CHANDLER; CFT-US35 LLC; CFT-US36, *et al.*,<br><br>    Defendants. | No. 23cv13043 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiffs One SD Hoboken LLC, One SD Investor Holding, LLC, KMS Development Partners, L.P., and KMS Development Partners GP, LLC (collectively, "Plaintiffs") allege that Defendant Mark John Chandler a/k/a Marcus Hamilton Chandler ("Chandler"), Defendants CFT-US35 and CFT-US36, and Defendants John Does one through five (collectively, "Defendants") committed various illegal acts in a conspiracy to defraud Plaintiffs. D.E. 1.

Chandler, proceeding *pro se*, initially defended this action (even while incarcerated). But over the past several months, he has failed to appear at multiple conferences before the Court, attend his deposition, or even serve his initial disclosures. Chandler's failure to defend this action has brought this case to a halt. Currently pending before the Court is the Report and Recommendation ("R&R") of the Hon. Michael Hammer, U.S.M.J., which recommends that the District Court strike Chandler's Answer[1] and enter default against him and in favor of Plaintiffs,

---
[1] D.E. 22 ("Answer").

pursuant to Federal Rules of Civil Procedure 16(f) and 37, for his failure to comply with Court Orders. D.E. 49 ("R&R"). This R&R comes on the heels of an Order to Show Cause why the Court should not strike Chandler's Answer and affirmative defenses for his failure to comply with his discovery obligations and Court Orders, and for his failure to appear for conferences in this matter. D.E. 48 ("OTSC"). To date, Defendant has not responded to the OTSC or Judge Hammer's R&R.

Magistrate judges may submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A) (provision conferring magistrate judges with authority to address certain pretrial matters); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give a report and recommendation by a magistrate judge "some reasoned consideration" before adopting it); *see also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (explaining that even absent objections, a district court should make an informed and final determination on a report and recommendation as that responsibility remains with the district court judge). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation. 28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3). Only if the district court adopts a report and recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

District courts have "very broad discretion to use sanctions to ensure compliance with court orders." *Hepler v. Wetzel*, No. 18-446, 2020 WL 1952677, at *5 (W.D. Pa. Apr. 23, 2020) (citing

*Miller v. Thompson-Walk*, No. 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019)). Federal Rules of Civil Procedure 16 and 37 authorize this Court to impose sanctions for a party's failure to comply with a court order and for failure to respond to discovery request. *Dun & Bradstreet Corp. v. BizConnect Inc.*, No. 22-6896, 2024 WL 1007844, at *3 (D.N.J. Feb. 27, 2024) (citing *Walsh v. Ernie's Auto Detailing Inc.*, No. 20-17785, 2022 WL 18027856, at *3 (D.N.J. Nov. 30, 2022), *report and recommendation adopted*, 2022 WL 18027847 (D.N.J. Dec. 30, 2022)). Per Rule 16(f)(1)(C), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A) if a party . . . fails to obey a scheduling order or other pretrial order." Among the "veritable arsenal of sanctions" provided in Rule 37(b) is the Court's ability to strike pleadings in whole or in part or even enter default judgment against a "disobedient party." *Miller*, 2019 WL 2150660, at *9; Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Where a sanction may "deprive a party of the right to proceed with or defend against a claim," the Court must first weigh the six factors enumerated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 870 (3d Cir. 1984). *See also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (noting that district courts are required to consider the *Poulis* factors in a variety of scenarios, including when sanctioning parties for failing to comply with court orders or discovery requests, as well as when entering default judgment against a party as a sanction for failing to defend an action).

As explained in great detail in the R&R:

Chandler initially litigated this matter with a modicum of diligence, [but] since January 2025, [] has missed nearly all Court conferences, failed to comply with Court Orders, failed to appear for his deposition, and failed to serve his Rule 26 disclosures. Further, Chandler has failed to communicate with the Court or his adversary to request an extension of the deadlines or seek an adjournment of the conferences. Chandler also has failed to respond to this Court's July 14, 2025 Order to Show Cause. Therefore, by all appearances, Chandler has abandoned this litigation. The record before the Court establishes that for several months, Chandler

3

> has made no effort to comply with his obligations in defending against Plaintiffs' claims or to explain to the Court his inability to do so. Therefore, the Court must conclude on the record before it that Chandler's failure to appear for conferences, engage in discovery, and comply with Court Orders was willful and that he has chosen not to defend this matter.

R&R at 8; *see also id.* at 3-4 (outlining the lengthy procedural history of this action, including the numerous conferences and Court Orders with which Chandler has failed to comply with no explanation).

Against this backdrop, Judge Hammer analyzed the *Poulis* factors.[2] He reasoned that the first five factors all weighed in favor of striking Chandler's Answer and entering default against him and that the sixth was neutral (at best). *Id.* at 6-9. Specifically, Judge Hammer determined:

- The first factor—the extent of Chandler's personal responsibility—weighed in favor of the recommended sanctions as Chandler, proceeding *pro se*, "has failed to take the basic actions necessary to comply with his litigation obligations." *Id.* at 6.

- The second factor—prejudice to Plaintiffs—also weighed in favor of sanctions as "Chandler's effective abandonment of this litigation leaves Plaintiffs with no means to obtain the discovery they need to prosecute this matter, and no avenue to obtain a final resolution of their claims." *Id.* at 7.

- The third and fourth factors—whether Chandler has a history of dilatoriness and whether he has acted in bad faith—both weighed in favor of sanctions as well because Chandler has repeatedly failed to respond to Court Orders, which has left

---

[2] As shown *infra*, Judge Hammer considered: (1) the extent of Chandler's personal responsibility; (2) any prejudice to Plaintiffs; (3) Chandler's history of dilatoriness; (4) Chandler's willful or bad faith conduct; (5) alternative sanctions; and (6) the meritoriousness of Plaintiffs' claims and Defendants' defenses. *Poulis*, 747 F.2d at 868.

4

> Judge Hammer with the impression that Chandler's failure to defend this action is willful. *Id.* at 7-8.

- The fifth factor—alternative sanctions—weighed in favor of striking Chandler's Answer and entering default for several reasons, including that "there is no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur [Chandler] to resume actively litigating this case, particularly because [he] is proceeding *pro se*." *Id.* at 8.

- Finally, the sixth factor—the merits of the parties' claims and defenses—is "impossible" to consider because Chandler's failure to defend this action prevents the Court from being in a position to assess the merits of the case. *Id.* at 9.

In sum, Judge Hammer concluded that the *Poulis* factors weighed in favor of striking Chandler's Answer and entering default against him, and therefore, recommended that this Court take those actions pursuant to Federal Rules of Civil Procedure 16(f) and 37.

No objections were filed in response to Judge Hammer's R&R.[3] The Court has reviewed the R&R and the records in the pending case, and as shown above, finds the R&R thorough and well-reasoned. Having given the R&R reasoned consideration, the Court will **ADOPT** the R&R in its entirety. Accordingly,

**IT IS**, on this __2nd__ day of __September__, 2025;

**ORDERED** that the R&R, D.E. 49, is **ADOPTED**; and it is further

**ORDERED** that Defendant's Mark Chandler's Answer, D.E. 22, is **STRICKEN** *with prejudice*; and it is further

---

[3] Chandler did not object to the R&R even though Judge Hammer made clear in a text order that the failure to object to the R&R would waive any right to appeal. D.E. 50 (citing *City of Long Branch*, 866 F.3d at 100 n.3).

**ORDERED** that the Clerk of Court shall enter default against Defendants pursuant to Fed. R. Civ. P. 55(a); and it is further

**ORDERED** that once default is entered against Defendants, Plaintiffs may file a motion for default judgment; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Defendant Mark Chandler at the email addresses provided by Chandler, as well as the two residential addresses (provided by the Court) via regular mail.

/s/ **Evelyn Padin**
Hon. Evelyn Padin, U.S.D.J.