NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONE SD HOBOKEN LLC; ONE SD INVESTOR HOLDING LLC; KMS DEVELOPMENT PARTNERS GP, LLC, individually and as General Partner on behalf of KMS DEVELOPMENT PARTNERS, LP,<br><br>          Plaintiffs,<br><br>     v.<br><br>MARK JOHN CHANDLER d/b/a MARCUS HAMILTON CHANDLER; CFT-US35 LLC; CFT-US36, *et al.*,<br><br>          Defendants. | No. 23cv13043 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiffs One SD Hoboken LLC, One SD Investor Holding, LLC, KMS Development Partners, L.P., and KMS Development Partners GP, LLC allege that Defendants Mark John Chandler a/k/a Marcus Hamilton Chandler ("Chandler"), CFT-US35 and CFT-US36, and John Does one through five committed various illegal acts in a conspiracy to defraud Plaintiffs.  D.E. 1 ("Complaint" or "Compl.").

Chandler initially defended this action.  But since then, Chandler has failed to do so in any meaningful respect, which has brought this case to a halt.  Ultimately, the Court sanctioned Chandler for his non-compliance with Court orders by:  (1) striking his answer, D.E. 22, *with prejudice*; and (2) directing the Clerk of Court to enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).  D.E. 51 ("Memorandum Order").  After prompting Plaintiffs to move for default judgment following the Clerk's Entry of Default, Plaintiffs filed the

motion currently pending before the Court.  D.E. 54 ("Motion" or "Mot.").[1]  Chandler has not responded.  *See* Dkt.

For the reasons explained below, the Court will **DENY** ***without prejudice*** the Motion.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 ("Rule 55") allows for the entry of default against a party that fails to plead or otherwise defend against claims.  Fed. R. Civ. P. 55.  Under Rule 55, obtaining a default judgment is a two-step process:  *first*, the Clerk of the Court must enter default; *second*, a plaintiff may then either: "(1) ask[] the Clerk to enter judgment, if the judgment is a sum certain, or (2) apply[] to the Court."  *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citing Rule 55(b)).

Although the Court has discretion in granting default judgement once the procedural hurdle of obtaining a clerk's entry of default is met, *see Dellecese v. Assigned Credit Solutions, Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017), the Third Circuit has emphasized that such discretion is "not without limits," and has repeatedly expressed its "preference that cases be disposed of on the merits whenever practicable," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).  Indeed, "a plaintiff is not entitled to default judgment as a matter of course, or as a matter of right, merely upon a defendant's failure to answer or otherwise defend a suit."  *Trs. of United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Health & Welfare Fund v. Oak HRC Statesman, LLC*, No. 19-13590, 2021 WL 2333245, at *1

---

[1] It is unclear whether Plaintiffs bring their Motion against just Chandler or all Defendants named in the Complaint.  For example, while only Chandler is named in the Motion's caption, there are several references within the Motion to "Defendant*s*."  *See, e.g.*, Mot. at 14 (emphasis added). Although the Court denies Plaintiffs' Motion, any future Motion should clarify this issue.

(D.N.J. May 13, 2021) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). When deciding whether to grant a default judgment motion,

> a court must determine (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, and (2) whether the unchallenged facts present a sufficient cause of action. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015); *see also* [*Dubin Paper*, 2012 WL 3018062, at \*2)]. However, even if default judgment is permissible, the Court must weigh the following three factors to determine whether default judgment is proper: (1) prejudice to the plaintiffs if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. *See Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-2164, 2011 WL 42889, at \*5 (D.N.J. Jan. 6, 2011) (citing [*Chamberlain* 210 F.3d at 164]).

*Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Arata Expositions, Inc.*, No. 22-4056, 2023 WL 3821133, at \*1 (D.N.J. June 5, 2023) (describing the "*Chamberlain*" factors). In addition, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

## II.    ANALYSIS

The Court starts its analysis by noting that Plaintiffs did not file a brief in support of their Motion. Recognizing that "[i]t is incumbent upon Plaintiffs to demonstrate, among other things, that their Complaint entitles them to every form of relief they seek," and that it is not the Court's job to "do Plaintiffs' work for them," several Courts in this District have denied default judgment motions where the plaintiff does not file a brief and fails to establish entitlement to the relief they seek. *Arata Expositions*, 2023 WL 3821133, at \*1; *see id.* at 1 n.1 (collecting cases). Courts have also denied default judgment motions where a party fails to analyze the *Chamberlain* factors. *See, e.g.*, *Trs. of United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Health & Welfare Fund v. Oak HRC Statesman, LLC*, No. 19-13590, D.E. 12 at 2 (D.N.J. July 6,

3

2020).  Plaintiffs' Motion does not analyze or even address the *Chamberlain* factors.  The Court could deny their Motion on these grounds alone.

But the deficiencies in Plaintiffs' Motion extend beyond the absence of an analysis of the *Chamberlain* factors.  Namely, Plaintiffs do not substantively argue why they are entitled to a default judgment.  Plaintiffs' Motion is in essence a high-level overview of the factual underpinnings of this action and the lengthy procedural history that led to their Motion.  *See generally* Mot.  But Plaintiffs do not meaningfully grapple with the allegations in the Complaint or explain how those allegations entitle them to the seven figure damages they seek.  For example, the Complaint contains five separate counts: (1) violations of 18 U.S.C. § 1964[2](c), Compl. ¶¶ 32-47; (2) violations of 18 U.S.C. § 1962(a), *id.* ¶¶ 48-57; (3) violations of 18 U.S.C. § 1962(d), *id.* ¶¶ 58-67; (4) common law fraud, *id.* ¶¶ 68-70; and (5) conspiracy to commit fraud, *id.* ¶¶ 71-75.  While Plaintiffs note that Chandler committed multiple predicate acts under the RICO statutory framework—including the actions he was criminally convicted of committing— they do not state the elements of any of the three RICO causes of action, explain how those counts differ, or apply the predicate acts or any other facts mentioned in the record to the elements of any cause of action.  In addition to their conclusory assertions that Chandler is liable under RICO, Plaintiffs only reference the non-RICO counts of the Complaint in passing. Therefore, it is not clear to the Court whether Plaintiffs move for default judgment on those counts of the Complaint, or just the RICO counts (or which RICO counts).  Put simply, Plaintiffs have not established that the unchallenged facts in the Complaint present a sufficient cause of action.  *See Chanel*, 133 F. Supp. 3d at 683.

---

[2] 18 U.S.C. § 1964 is the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Furthermore, even if the Court were to accept all of Plaintiffs' allegations in the Complaint as true, that benefit does not extend to damages. *See DIRECTV*, 431 F.3d at 165. Here, Plaintiffs request damages in two forms: (1) $800,000 representing the total amount of the two wires Plaintiffs sent to Chandler (as shown in their Motion); and (2) "[a]n additional $1,600,000 reflecting treble damages to which Plaintiffs are entitled under the Federal Rico Statute." Mot. ¶ 23. Beyond this, Plaintiffs make no argument regarding damages. In the Court's view, Plaintiffs have not done enough to establish they are entitled to damages. Plaintiffs do not cite the RICO statutory provision that allows for treble damages, cite to any relevant caselaw discussing the calculation of treble damages, or explain how they reached the $1,600,000 number for treble damages. Absent an explanation from Plaintiffs, the Court is unable to ascertain the merits of their arguments.

In sum, there are elemental deficiencies with Plaintiffs' Motion that preclude the Court from engaging in a substantive analysis. Accordingly, the Court will **DENY** their Motion. The Court will provide Plaintiffs with **30 days** to file a renewed motion, which should address the issues identified above. A failure to do so may result in dismissal of the action *with prejudice*.

## III.   CONCLUSION AND ORDER

Having considered Plaintiffs' Motion and all related items on the docket,

**IT IS**, on this **16th** day of March 2026, for the reasons set forth above,

**ORDERED** that Plaintiffs' Motion, D.E. 54, is **DENIED** *without prejudice*; and it is further

**ORDERED** that Plaintiffs may file a renewed motion for default judgment within **30 days** of the date of this Order which addresses the deficiencies identified above.

Evelyn Padin, U.S.D.J.

5